MARY O'LEARY, *Appellee*, v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant*.

No. 17,356.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

STREET RAILWAY—*Changing Grade of Street—Damages*. Where a street railway company with authority from the city but without provision being made by ordinance for an assessment of damages changes the grade of a street, an abutting property owner may recover from such street railway company damages resulting to her property from such change.

Appeal from Wyandotte court of common pleas. Opinion denying a rehearing, filed July 6, 1912. (For original opinion, see *ante*, p. 22, 123 Pac. 746.)

*O. L. Miller*, and *C. A. Miller*, both of Kansas City, for the appellant.

*James F. Getty*, of Kansas City, for the appellee.

McVeigh v. Railway Co.

*Per Curiam:* The city had power to authorize the street changes involved in the action. Had it done so in the regular way the plaintiff would have been concluded because she is obliged to submit to the city's lawful authority over the subject. Although the conduct of the city was irregular, the jury may well find facts, if permitted to do so, which preclude the city from disputing authorization. In that event the plaintiff will be bound to the same extent as if the defendant's plans and specifications were incorporated in the ordinance. Nothing said here and nothing said in the original opinion is to be taken as preventing recovery for changing the grade of the street in front of the plaintiff's property. The purpose of the original opinion was to establish the right of the defendant to have the case presented to the jury on the theory that the work done was in legal effect authorized by the city. Under this theory the plaintiff may recover for the change in grade because the city did not provide for an assessment of damages in the statutory way.

These observations are made in response to a petition for a rehearing, which is denied.